UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN T. NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 16-11323-LTS |
| | ) | |
| GLOBAL TEL LINK CORPORATION, | ) | |
| AON RISK SERVICES SOUTH INC., | ) | |
| GOLDMAN SACHS, VERITAS | ) | |
| CAPITAL, AMERICAN SECURITIES | ) | |
| LLC, and JOHN/JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER ON MOTIONS TO DISMISS

September 1, 2016

SOROKIN, J.

Plaintiff Kevin T. Norris ("Norris"), proceeding *pro se*, sued Global Tel Link Corporation ("GTL"), Aon Risk Services South, Inc. ("ARS"), GS Direct, LLC,[1] Veritas Capital, American Securities LLC, and John/Jane Doe (collectively, the "Defendants") over various complaints Norris has with the telephone service provided by GTL. Doc. No. 16 at 6-20. The Defendants have moved to dismiss under Rules 12(b)(1), 12(b)(6) and 9(b). Doc. Nos. 21, 22 at 2, 23. For the reasons stated below, the Court ALLOWS the motions with respect to all Counts except Count III against GTL. The motion is DENIED as to Count III against GTL, but the action is stayed pending Norris's pursuit of his claims through the proper administrative channels.

---

[1] The caption on Norris's complaint lists Goldman Sachs as a defendant, but GS Direct, LLC, a former investor in GTL, assuming it is the intended defendant, joins in GTL's motion to dismiss. Doc. No. 22 at 1 n.3.

I.      BACKGROUND

The crux of Norris's complaint is dissatisfaction with the telephone service provided by GTL to individuals incarcerated in state prison.  He alleges that the Massachusetts Department of Corrections contracted with GTL to provide telephone access to inmates.  Compl. ¶ 8.  Norris alleges that his family members, friends, and attorney were charged undisclosed service fees for participating in GTL's "advance pay program."  Id. ¶ 12.  He further alleges that GTL altered the system such that inmates were no longer informed of their account balances.  Id. ¶ 15.  Additionally, according to Norris, "numerous telephone[] calls were … terminated early and malfunctioning."  Id.  In the complaint Norris also avers that, following a rate decrease in March 2016, he continued to be charged the higher rates.  Id. ¶¶ 23-24.  Norris makes several allegations related to fraudulent conduct, including that GTL intentionally prematurely terminated his phone calls and lied about the reasons for termination, charged him for calls he did not make, imposed undisclosed service fees, collected illegal taxes, and failed to inform program participants of their account balances.  Id. ¶ 17.  GTL also responded to Norris's grievances with fraudulent misrepresentations, according to Norris.  Id. ¶ 18.

Norris asserts seven causes of action against GTL:  violation of M.G.L. c. 93A (Count I), fraud (Count II), violation of the Federal Communications Act ("FCA"), 47 U.S.C. § 201 (Count III), and breach of contract (Count IV).  In Count V, Norris claims defendant John/Jane Doe engaged in fraudulent misrepresentation and concealment.  Norris contends that all defendants are vicariously or jointly liable in Count VI.  Finally, Count VII, against GTL and John/Jane Doe, is for unfair methods of competition in violation of 15 U.S.C. § 45.

2

## II.   LEGAL STANDARD

A complaint will withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) only if it contains sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007).  The complaint need not contain "detailed factual allegations," but it must set forth "more than labels and conclusions, . . . and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  A plaintiff fails to state a claim when he does not proffer "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). While the filings of pro se litigants should be liberally construed, see Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir.1997), pro se litigants are not excused from compliance with procedural rules or substantive law. Id.

## III.   DISCUSSION

### A. Counts I, II, and IV – VII are Dismissed Against All Defendants

Most of the counts contained in Norris's complaint can be disposed of quickly.  The first count of Norris's complaint, for violations of Chapter 93A, must be dismissed because he fails to allege that he sent a 30-day demand letter to GTL as required by Section 9(3) of the statute.  M.G.L. c. 93A, § 9(3) ("At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.");

see Kanamaru v. Holyoke Mut. Ins. Co., 72 Mass. App. Ct. 396, 407-08 (2008) (stating that a plaintiff must "plead that he has complied with this requirement as a prerequisite to suit"). Moreover, to the extent that Norris purports to act on behalf of any unnamed plaintiffs, such as his wife and family members, he lacks standing to bring such a claim. He may pursue redress for only his own cognizable injuries. See Pagán v. Calderón, 448 F.3d 16, 27 (1st Cir. 2006) (a plaintiff's claim must be based on his own rights and not those of a third party).

Norris asserts fraud in both Counts II (against GTL) and IV (against John/Jane Doe). "The elements of fraud are '[1] a false representation of material fact, [2] with knowledge of its falsity, [3] for the purpose of inducing the plaintiffs to act on this representation, [4] that the plaintiffs reasonably relied on the representation as true, and [5] that they acted upon it to their damage.'" Commonwealth v. Lucas, 472 Mass. 387, 394 (2015) (alteration in original) (quoting Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 455 Mass. 458, 471 (2009)). "[T]he procedure for pleading fraud in federal courts in all diversity suits is governed by the special pleading requirements of" Rule 9(b). Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985). That rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy the particularity requirement, a plaintiff "is expected to specify the who, what, where, and when of the allegedly false or fraudulent representation." Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004). Here, Norris fails to plead his fraud claims with sufficient specificity to withstand a Rule 9(b) challenge. He must allege who perpetrated the alleged fraud, what transpired, and when and where the incidents occurred. Without these details, Norris's fraud claims must be dismissed.

Norris's claim for breach of contract (Count IV) is also problematic. Norris alleges that the Massachusetts Department of Corrections and GTL entered into a contract, but he does not

allege he was a party to the contract or a third party beneficiary of it. "Usually a party lacks standing to sue for breach of contract if he is not a party to the contract or a third party beneficiary of it." Kerr v. Vince, Civ. Action No. 07-30021-MBB, 2010 WL 1416511, at * 9 (D. Mass. Apr. 1, 2010). Because Norris has not demonstrated that he was a party to or a third-party beneficiary of the contract at issue, Count IV must be dismissed.

Norris's claim titled "vicarious liability" also fails to pass muster (Count VI). Despite the heading of vicarious liability, the allegations seek to hold all of the Defendants "jointly liable" for the alleged wrongdoing. Compl. ¶¶ 57-59. Norris alleges that GS Direct, Veritas Capital, and American Securities are "jointly liable" due to [their] "ownership and/or one time ownership or majority shareholder." Id. ¶ 57. A corporation's shareholder, however, is not liable for acts of the corporation. M.G.L. c. 156D, § 6.22(b) ("a shareholder of a corporation shall not be personally liable for the acts . . . of the corporation except that he may become personally liable by reason of his own acts or conduct"). Norris makes no allegations of any acts or conduct by GS Direct, Veritas Capital, or American Securities that would make them liable. In addition, Norris alleges that ARS is jointly liable because it provided insurance coverage to GTL. Compl. ¶ 59. Assuming Norris meant to allege vicarious liability against ARS, the claim fails because GTL, the insured, is not an agent of the insurer, ARS. There is no allegation that ARS controlled GTL's activities, a principle element of an agency relationship. See Bing v. Drexler, 69 Mass. App. Ct. 186, 190 (2007). Without allegations supporting an agency relationship, the underpinning of a claim of vicarious liability, Norris's claim against ARS fails.[2]

---

[2] An additional basis for dismissing ARS from this case is that the complaint alleges no basis for this Court's personal jurisdiction, either general or specific, over ARS. Fed. R. Civ. P. 12(b)(2). Assuming for purposes of this motion that it is true that ARS insured GTL, ARS is domiciled in Georgia and GTL in Alabama. Compl. ¶¶ 2-3. There are no allegations supporting a conclusion

In Count VII, Norris alleges that GTL and John/Jane Doe violated 15 U.S.C. § 45, which deems unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). The Federal Trade Commission is empowered with the statute's enforcement, see id. § 45(2), and there is no private right of action under the statute. Phillips v. Deutsche Bank Nat'l Trust Co., No. CV 10-5883 AHM (Ex), 2010 WL 5246032, at * 1 (C.D. Cal. Dec. 16, 2010). Count VII is, therefore, dismissed.

B. Count III is Not Dismissed, But is Stayed

Norris charges GTL with violations of the FCA, including "engaging in deceptive advertising and billing practices," such as undisclosed service fees. Compl. ¶¶ 40-41. To the extent that Norris takes issue with intrastate telephone rates, GTL argues that his claim is barred by the filed rate doctrine. Doc. No. 22 at 11. The FCA requires GTL and all other telephone service provides to file their rates with the FCC. 47 U.S.C. § 203(a). Under the filed rate doctrine, "any 'filed rate[,]' that is, one approved by the governing regulatory agency[,] is per se reasonable and unassailable in judicial proceedings brought by ratepayers." Holloway v. Magness, No. 5:07CV00088 JLH/BD, 2008 WL 2367235, at * 6 (E.D. Ark. Jun. 6, 2008) (quoting Wegoland Ltd. v. NYNEX Corp., 27 F.3d 17, 18 (2d Cir. 1994)). In other words, "the doctrine restricts lawsuits against [telephone service providers] to challenge these rates." Stote v. Maloney, No. Civ.A.03-12067-RWZ, 2006 WL 839497, at * 4 (D. Mass. Mar. 31, 2006).

The Court cannot determine on the basis of the complaint that the filed rate doctrine applies. To be sure, Norris complains, in part, about the rates charged by GTL, but the complaint does not

---

of "continuous and systematic" contact with Massachusetts to support general jurisdiction. Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014). There are also no allegations demonstrating that Norris's asserted claims arise out of ARS's contacts with the forum. Hannon v. Beard, 524 F.3d 275, 279-80 (1st Cir. 2008).

establish that the challenged rates, including the service fees, were filed with and approved by the FCC.  See Holloway, 2008 WL 2367235, at * 6 (noting that at motion to dismiss stage, complaint must be construed in plaintiff's favor, and court could not determine whether rates paid by inmates had been approved and published by FCC).  In addition, Norris's complaints about GTL's service are not limited to its rates.  He alleges that calls were prematurely terminated, Compl. ¶¶ 15, 17, that he was charged for calls he did not make, id. ¶ 17, and that calls were dropped because of static, id. ¶ 18.  These allegations regarding service "stand[] independently of the rates claims." Stote, 2006 WL 839497, at * 5.  Thus, Norris's claims regarding intrastate rates and issues with GTL's service may proceed.

        To the extent that Norris complains about interstate telephone calls, his claims are subject to dismissal or stay under the primary jurisdiction doctrine.  In recognition of the efficacy of deference to the administrative process, the principle of primary jurisdiction suspends the judicial process pending referral to the appropriate administrative agency for its determination – here, the FCC.  National Ass'n of the Deaf v. Harvard Univ., Case No. 3:15-cv-30023-MGM, 2016 WL 3561622, at * 13 (D. Mass. Feb. 9, 2016).  "[T]he doctrine . . . gives effect to the eminently sensible notion that in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over."  Id. (internal quotation marks omitted).  There are "three principal factors which a court should consider in determining whether to defer:  (1) whether the agency determination lay at the heart of the task assigned the agency by Congress; (2) whether agency expertise was required to unravel intricate, technical facts; and (3) whether, though perhaps not determinative, the agency determination would materially aid the court."  Id. (internal quotation marks omitted).

All three considerations weigh in favor of the doctrine's application.  First, the FCC is currently addressing telephone rates paid by inmates, demonstrating prison telephone rates are a topic within the FCC's purview.  See https://www.fcc.gov/consumers/guides/inmate-telephone-service (referencing setting of rate caps on August 4, 2016).  Second, the reasonableness of GTL's rates and practices, as defined by the FCA, is more squarely within the capabilities and expertise of the FCC rather than a court.  Finally, the FCC's determination would aid the Court's resolution of the issues and help to prevent inconsistent results.

Although the primary jurisdiction doctrine contemplates "referral," there is no mechanism by which this Court refers the present issues to the FCC.  Instead, the Court stays the action "so as to give the plaintiff a reasonable opportunity within which to apply to the [FCC] for a ruling as to the reasonableness of the practice."  Reiter v. Cooper, 507 U.S. 258, 269 n.3 (quoting Mitchell Coal & Coke Co. v. Pennsylvania R. Co., 230 U.S. 247, 267 (1913)).  Count III, therefore, is not dismissed, but is stayed pending the FCC's consideration of the claim should Norris choose to pursue it.[3]

C.  Three Strikes Statute Does Not Warrant Dismissal

GTL argues that Norris's complaint should be dismissed with prejudice for attempting to circumvent the three-strikes rule set forth in 28 U.S.C. § 1915(g).  That provision bars a prisoner from pursuing a civil action *in forma pauperis* in federal court if he has brought three or more prior actions "in a court of the United States" that were dismissed as frivolous, malicious, or failing to state a claim unless the prisoner is in imminent danger.  Id.  In other words, "a 'three strikes'

---

[3] GTL's argument that Norris failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (prohibiting a prisoner from bringing an action under federal law with respect to prison conditions without first exhausting administrative remedies), is rendered moot by this outcome.  See Doc. No. 22 at 12-13.

prisoner is not entirely precluded from federal court, but rather, to bring a civil action *in forma pauperis* in federal court, that prisoner must either pre-pay in full all filing fees or make a showing of imminent danger of serious physical injury." Lisenby v. Lear, 674 F.3d 259, 263 (4th Cir. 2012). GTL contends that Norris brought this suit in state court knowing that it would be removed to federal court, relieving him of the obligation of seeking *in forma pauperis* status and allowing him to evade the three-strikes provision. Doc. No. 22 at 21.

Assuming without deciding that the three-strikes rule applies where the defendant removes the case to federal court, see Crooker v. Global Tel Link, C.A. No. 11-229L, 2012 WL 651644, at * 2 (D.R.I. Jan. 6, 2012) (dismissing action where plaintiff circumvented three-strikes rule by filing in state court when removal was "virtually assured"), it is not clear from the record that Norris has filed three actions in federal court that were dismissed as frivolous, malicious or for failure to state a claim. GTL cites four cases, Doc. No. 22 at 20 n.9, one of which proceeded to the summary judgment stage on at least one count. In another case, Norris filed a petition for writ of *habeas corpus*, and the three-strikes rule is inapplicable to *habeas* petitions. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (concluding that three-strikes provision does not apply to *habeas* petitions under 28 U.S.C. § 2254). In addition, even if the three-strikes rule applied, the remedy would be dismissal subject to reinstatement or leave to reopen once Norris paid the civil case filing fee. Thus, GTL's motion to dismiss on the basis of the three-strikes rule is DENIED WITHOUT PREJUDICE to renewal once the stay is lifted and subject to a showing that the statute is applicable.

### D. Other Pending Motions by Norris Are Denied

Norris's motion for discovery, Doc. No. 26, is DENIED. To the extent that Norris seeks to support his claims through discovery, his request is premature. He may make discovery requests

aimed at GTL directly to GTL should the Court lift the stay in the case. Norris's motion for a court order, Doc. No. 27, is DENIED. Norris seeks production of documents by the Massachusetts Attorney General. Again, discovery is premature, and Norris must utilize the proper procedure for obtaining discovery. Norris's motion for entry of default, Doc. No. 31, is DENIED. Norris seeks entry of judgment against Goldman Sachs for failure to respond. As noted, *supra* n.1, it appears the intended defendant is GS Direct, LLC, which has joined in GTL's motion to dismiss. Norris's motion to amend, Doc. No. 34, is DENIED. Norris seeks leave to amend his complaint, but he fails to attach a copy of the proposed amended complaint. Upshaw v. Andrade, No. 10-11517-JLT, 2011 WL 3652822, at * 2 (D. Mass. Aug. 10, 2011) (finding a *pro se* plaintiff's motions for leave to amend "deficient because they fail to attach a proposed amended complaint"), report and recommendation adopted by 2011 WL 3654408 (D. Mass. Aug. 17, 2011). Finally, Norris's motion for a court order, Doc. No. 35, is DENIED. Norris requests that the Court order the clerk's office to provide him with copies of two civil complaints. The Court reiterates that a motion for a court order is not the proper means of seeking discovery or legal research. Norris must submit a written request to the clerk's office specifying the documents he seeks and remit any retrieval fee and the copying or printing fee.

IV.    CONCLUSION

The motion to dismiss filed by GTL, GS Direct, LLC, Veritas Capital, and American Securities, LLC, Doc. No. 21, is ALLOWED with respect to all Counts except Count III against GTL. Norris's claim is STAYED pending determination by the FCC should Norris choose to pursue his claim in that forum. Norris must file a status report on December 1, 2016, and every 60 days thereafter regarding the status of any FCC proceedings he initiates. The motion to dismiss filed by ARS, Doc. No. 23, is ALLOWED. ARS's motion for joinder to defendants' opposition

to motion for discovery, Doc. No. 32, is ALLOWED.  All of Norris's motions, Doc. Nos. 26, 27,

31, 34, 35, are DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge