UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KEVIN T. NORRIS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. A. No. 16-cv-11323-LTS |
| GLOBAL TEL LINK CORP., | ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM & ORDER

March 14, 2018

SOROKIN, J.

On May 24, 2016, Plaintiff Kevin Norris, proceeding *pro se*, sued Global Tel*Link Corporation ("GTL"),[1] as well as other since dismissed defendants, over various complaints Norris has with the telephone service provided to him by GTL while he was incarcerated in one of Massachusetts' correctional facilities. See Doc. No. 1; Doc. No. 44-1 at 1. On September 1, 2016, the Court dismissed all counts of the Complaint except Count III, which alleges violations of the Federal Communication Act ("FCA") against GTL. Doc. No. 37. With respect to Count III, the Court ruled that "Norris's claims regarding intrastate rates and issues with GTL's service

---

[1] GTL "provides communication services to over 2,200 correctional facilities and 1.1 million inmates in forty-eight states." Githieya v. Glob. Tel*Link Corp., No. 1:15-CV-0986-AT, 2016 WL 304534, at *1 (N.D. Ga. Jan. 25, 2016). GTL's practices have been the subject of numerous lawsuits across the country. E.g. id.; James v. Glob. TelLink Corp, 852 F.3d 262, 264 (3d Cir. 2017).

1

may proceed" but stayed the claim "pending the [Federal Communications Commission's

("FCC") consideration of [it.]" Doc. No. 37 at 6-8.

On October 4, 2016, Norris sought that the Court's order of stay be lifted. Doc. No. 44.

The Court denied the motion, finding Norris had failed to exhaust the FCC's remedies. Doc. No. 53. On February 27, 2017, Norris again sought that the stay be lifted, Doc. No. 56, and the Court again denied Norris's motion, Doc. No. 60.

Now, Norris once again seeks that the stay be lifted, averring that he has exhausted the FCC's remedies. Doc. No. 65.

I. FCC REMEDY EXHAUSTION

The FCC provides a two-step remedy process for consumers such as Norris. Doc. No. 69 at 4. The first step is an "informal complaint," which may be filed online, by phone, or through the mail.[2] See Federal Communications Commission, *Filing an Informal Complaint*, https://www.fcc.gov/consumers/guides/filing-informal-complaint, (last visited Mar. 9, 2018). An informal complaint should include: the name, address, and contact information of the complainant, and as much detail about the complaint as possible. Id. Once received, the FCC "will forward [the informal complaint] to the appropriate carrier for investigation." 47 C.F.R. § 1.717. Then, "[t]he carrier will . . . advise the [FCC] in writing, with a copy to the complainant, of its satisfaction of the complaint or of its refusal or inability to do so." Id. The FCC may then "in its discretion, consider a complaint proceeding to be closed," and take no further action. 47 C.F.R. § 1.717. In all other cases, the FCC will "contact the complainant regarding its review and

---

[2] A mailed complaint must be sent to the Consumer Inquiries and Complaints Division of the Consumer and Governmental Affairs Bureau of the FCC. See Federal Communications Commission, *Filing an Informal Complaint*, https://www.fcc.gov/consumers/guides/filing-informal-complaint, (last visited Mar. 9, 2018).

2

disposition of the matters raised [in the informal complaint.]" Id. "When an informal complaint has not been satisfied" at the end of this process, the consumer may then proceed to the second step of the FCC two-step remedy process by "fil[ing] a formal complaint with [the FCC.]" 47 C.F.R. § 1.718. A formal complaint proceeding is similar to a court proceeding. "Each party must comply with specific procedural rules, appear before the FCC and file documents that address legal issues." Federal Communications Commission, *Filing a Complaint: Questions and Answers*, https://consumercomplaints.fcc.gov/hc/en-us/articles/205082880-Filing-a-Complaint-Questions-and-Answers, (last visited Mar. 11, 2018).

II. DISCUSSION

On September 1, 2016, the Court stayed Norris's FCA claim, instructing Norris to exhaust the remedies provided by the FCC before proceeding with his claim in this Court. Doc. No. 37. Norris asserts that he has now done so. Doc. No. 65 at 1. In support of his assertion, Norris has provided the Court with the following documents:

1. A letter dated October 17, 2016 addressed to the Consumer Division of the FCC expressing an intent to file a complaint against GTL and inquiring about the procedure, Doc. No. 65-1 at 5;
2. A letter dated December 12, 2016 addressed to the Chairman of the FCC expressing an intent to file a complaint against GTL and describing the substance of that complaint, id. at 6;
3. A letter dated January 26, 2017 addressed to the District Office of the FCC in Quincy expressing an intent to file a complaint with the FCC, id. at 7;
4. A letter dated January 26, 2017 addressed to the General Counsel of the FCC describing the Chairman's failure to respond to the December 12, 2016 letter and his desire for a response, id. at 8.
5. Norris's sworn statement that, on May 2, 2017, Norris "placed inside the prison mailbox, a complaint against [GTL] and [he] forwarded [*sic*] to the [FCC]," but has "not received a response to [his] complaint," Doc. No. 65-2;
6. A mailing dated May 2, 2017 and captioned "Re: Complaint Global Tel Link Corporations/holdings," "filing a complaint against [GTL]," Doc. No. 65-1 at 1-2. The mailing is addressed to Federal Communications Commission, Complaints and Investigations, 445 12th Street, NW, Washington, D.C. 20554. Id.

3

Norris argues that the above should be deemed exhaustion and that he should not be required to initiate step-two of the FCC two-step remedy process, supra at 2, since the FCC failed to respond to his informal complaint. See Doc. No. 70 at 1 ("If the FCC won't acknowledge [plaintiff's] so called informal complaint, why would they address his formal complaint?"). Norris further asserts that he has insufficient funds to pay the fee required for filing a formal complaint. Id.

The Court finds that Norris has presented insufficient evidence of exhaustion. None of the October 17, 2016 through January 26, 2017 letters, which express only an intent to file a complaint, constitute an informal complaint triggering the FCC's two-step remedy process. As to Norris's May 2, 2017 mailing, the mailing constitutes a complaint but is addressed to 445 12th Street, NW, Washington, D.C. 20554. Doc. No. 65-1 at 1 (emphasis added). The proper mailing address is 445 12th Street, SW, Washington, D.C. 20554. See Federal Communications Commission, *Filing an Informal Complaint*, https://www.fcc.gov/consumers/guides/filing-informal-complaint, (last visited Mar. 13, 2018). Because the mailing was improperly addressed, there is no presumption of receipt, see U.S. ex rel. Westmoreland v. Amgen, Inc., 812 F. Supp. 2d 39, 78 (D. Mass. 2011) (quoting Lopes v. Gonzales, 468 F.3d 81, 85 (2d Cir. 2006)) ("[P]resumption of receipt is proper so long as the record establishes that the notice was accurately addressed and mailed[.]"), and Norris has submitted no evidence that the FCC received the mailing, see generally Doc. Nos. 65; 65-1; 65-2. Norris has therefore failed to establish that he completed step-one of the two steps required for exhaustion.

Nineteen months have passed since the Court ordered Norris to exhaust the FCC's remedies before pursuing his claim[3] in federal court. See Doc. No. 37. Still, Norris has failed to

---

[3] Norris's FCA claim has two parts. First, Norris challenges GTL's rates and fees. Doc. No. 1 at ¶¶ 23-24, 40-41. Second, he challenges GTL's quality of service. Id. at ¶¶ 18, 27, 29. The FCC has no authority under the FCA to regulate intrastate telephone rates and fees. Global Tel*Link

4

establish that he has even completed the first step of the FCC's two-step remedy process. For this reason, Norris's claim is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

                                              SO ORDERED.

                                              /s/ Leo T. Sorokin
                                              Leo T. Sorokin
                                              United States District Judge

---

v. FCC, 866 F.3d 397 (D.C. Cir. 2017). Norris therefore has no legal basis under the FCA to challenge GTL's rates and fees for calls that Norris made from Massachusetts to persons in Massachusetts. Norris has not alleged any calls to persons outside of Massachusetts. See generally Doc. No. 1. With respect to Norris's challenge to the quality of service provided by GTL, Norris alleges the following: "numerous calls were being terminated early and malfunctioning;" "static;" calls terminated with increasing frequency; and calls terminated "after 60 seconds." Doc. No. 1 at ¶¶ 15, 18, 27, 29. The FCA does not require that a telephone carrier provide perfect service. In re Mocatta Metals Corp., 54 F.C.C.2d 104, 106, 120 (1975). However, it does impose a duty on the carrier to "furnish . . . communication service" that is "adequate and sufficient." 47 U.S. Code § 201(a); Berkman v. Am. Tel. & Tel. Co., 43 F.C.C. 1902, 1904 (1953).